[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15463
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20483-RNS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL VALDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

On July 19, 2011, Manuel Valdes and others were indicted for conspiracy to commit bank fraud,[1] Count 1; four counts of bank fraud,[2] Counts 6-7, 10 and 13; and five counts of wire fraud,[3] Counts 29-30 and 33-35.  On December 30, 2011, Valdes, pursuant to a plea agreement, pled guilty to Count 1 of the indictment.

Valdes's commission of the Count 1 offense violated the conditions of a probation sentence he was serving as the result of state court convictions on four counts of second-degree grand theft and one count of organized fraud.[4]  One of the terms of the probation sentence required Valdes to pay restitution in the sum of $109,155.  When he appeared before the District Court for sentencing on Count 1, on October 12, 2012, he still owed restitution payments in the sum of $85,658.

At sentencing, after considering the presentence report and the Valdes's objections to the report, the District Court fixed Valdes's adjusted offense level at 20 and his criminal history category at II; this yielded a Guidelines sentence range of 37 to 46 months' confinement.  Both sides recommended the imposition of a prison term of 37 months.  The court rejected their recommendation and, varying upward from the sentence range, sentenced Valdes to a term of 60 months.  The court concluded that an upward variance was necessary because of his prior fraud conviction and because he had paid very little toward the restitution sum of

---

[1]   18 U.S.C. § 1349.
[2]   18 U.S.C. § 1344(1)-(2).
[3]   18 U.S.C. § 1343.
[4]   The criminal activity underpinning those offenses occurred over a 10-year period.

2

$109,155 at the time he committed the Count 1 offense.  Valdes now appeals his sentence.

Valdes argues that his sentence is procedurally unreasonable because the District Court committed a clear factual error regarding his restitution-payment history and because it did not explain how that history affected his sentence.  He also argues that his sentence is substantively unreasonable because (1) he was involved in the Count 1 conspiracy for a shorter period of time than his codefendants and was involved in only a small number of the fraudulent transactions listed in the indictment, (2) his sentence constitutes an unwarranted disparity from those received by his codefendants, and (3) his probation status at the time of his arrest did not justify the upward variance because the Guidelines sentence range reflected the state court convictions.

We review the reasonableness of a sentence using the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  We first determine whether the "district court committed . . . significant procedural error."  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Such error may occur if the court improperly calculated the Guidelines sentence range, failed to treat the Guidelines as advisory, failed to consider the 18 U.S.C. § 3553(a) sentencing factors, based the sentence on clearly erroneous facts, or failed adequately to explain the sentence imposed.  *Id.*  We have never required a

3

sentencing judge to "articulate his findings and reasoning with great detail or in any detail for that matter." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*). Nevertheless, as a general matter, he is required to explain in greater detail his decision to grant a variance above or below the Guidelines sentence range. *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008) (rejecting a sentence because the district court "gave no reasoning or indication of what facts justified such a significant variance from the advisory Guidelines range").

A "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 345, 356, 358, 127 S. Ct. 2456, 2462, 2468–69, 168 L. Ed. 2d 203 (2007) (holding that the district court's reasoning was sufficient when the court simply stated that the guideline range was not inappropriate and that the public needed to be protected before imposing a guideline-range sentence). In *Rita*, the Supreme Court reasoned that, although the district court had provided a limited explanation of its sentence, the record showed that the court had listened to the evidence and arguments and was aware of the various factors that would justify a lower sentence. *Id.* at 358, 127 S. Ct. at 2469.

4

On finding the district court's sentencing decision procedurally reasonable, we turn to the decision's substantive reasonableness. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. We review the totality of the facts and circumstances to gauge for substantive error. *Irey*, 612 F.3d at 1189–90. The relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" set out in 18 U.S.C. § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, its acknowledgment that it has considered them is sufficient. *Talley*, 431 F.3d at 786.

5

Additionally, the weight given to each factor is "a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (citation omitted). The court can consider factors even if they were considered during the calculation of the defendant's Guidelines sentence range. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (concluding that the district court properly considered the defendant's prior fraud-related crimes in the § 3553(a) factors, specifically, the history and characteristics of the offender). We may vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

The sentence in this case is both procedurally and substantively reasonable because the District Court (1) sufficiently explained its reliance on Valdes's restitution-payment history, and (2) acted within its discretion in weighing the § 3553(a) factors as it did. The judgment of the District Court is accordingly

AFFIRMED.